**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**LENA M. SYKES and
DOROTHY J. HOWARD**                                                  **PLAINTIFF**


**VERSUS**                                      **CIVIL ACTION NO. 4:08CV99-P-S**


**MAGNOLIA HEALTHCARE, INC. d/b/a
RIVERVIEW NURSING AND REHAB CENTER**                       **DEFENDANTS**


## ORDER

This cause is before the Court on the defendant's Motion for Summary Judgment [33]. The Court, having reviewed the motion, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff Sykes seeks recovery for age discrimination while plaintiff Howard alleges a right of recovery premised on racial discrimination. They also assert a state law claim for discharge in violation of public policy.

Defendant seeks summary judgment as to each of the plaintiffs' discrimination claims on grounds that: a) neither plaintiff is capable of establishing a prima facie case; and 2) assuming they can meet that threshold showing, neither plaintiff is capable of demonstrating a triable issue of fact as to pretext. Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003). The Court has examined the summary judgment record. After careful review, the Court concludes that defendant is correct on both points. Although the plaintiffs' proof meets three of the necessary criteria of a prima facie case of discrimination, neither has come forward with evidence that similarly-situated employees outside of the protected class were treated more favorably under nearly identical circumstances. Okoye v.

University of Texas Houston Health Science Center, 245 F.3d 507, 514 (5th Cir. 2001). Absent such proof, their claims fail. As a further matter, even if they could meet the burden of establishing a prima facie case, they have failed to come forward with evidence from which a reasonable trier of fact could conclude that defendant's asserted legitimate nondiscriminatory reason for the challenged employment action was merely a pretext for discrimination. Laxton, 333 F.3d at 578.

Plaintiffs' state law claim for wrongful termination stems from their allegations that they were discharged in retaliation for instructing residents of Riverview Nursing and Rehab Center regarding how to report patient abuse. Review of the record fails to disclose any genuine issues of material fact which would require resolution at a trial on the merits. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's Motion for Summary Judgment [33] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this action should be, and hereby is, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 15th day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE